828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James SAVAGE, Plaintiff-Appellant,
v.
Gene SCROGGY and Tim Barnes, Defendants-Appellees.
 No. 87-5140.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1987.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Plaintiff has appealed from the district court's summary judgment in this prisoner civil rights action. Upon consideration of the record and the briefs, this panel unanimously agrees that oral argument is unnecessary. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff is incarcerated at the Kentucky State Penitentiary. On May 17, 1986, he was charged with assaulting a prison guard, a Category III offense. He received written notice of the charge on May 18, 1986 and a hearing was held on May 28, 1986. At the hearing, plaintiff apparently defended himself by claiming that he was intoxicated on the date in question and did not have the requisite intent to assault within the meaning of Ky.Rev.Stat. Secs. 508.010-508.040. Plaintiff was found guilty and assigned to administrative segregation for 180 days. The report of the Adjustment Committee specifically stated that the finding of guilt was based on the report of another prison guard, an eyewitness to the assault. Plaintiff appealed the decision of the Adjustment Committee to the warden who concurred in the Committee's decision.
 
 
 4
 Plaintiff filed a complaint on August 20, 1986, wherein he claimed that his due process rights were violated by the Adjustment Committee's action of assigning him to administrative segregation "without a written assessment of the evidence relied upon and why his intoxication defense under KRS 501.080 wasn't credible." The district court granted defendants' motion for summary judgment.
 
 
 5
 The record establishes that the Adjustment Committee complied with the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). Plaintiff was provided with written notice of the charges against him within 24 hours of the incident and he was afforded an opportunity to be heard before he was placed in administrative segregation. In addition, he received a written statement contained in the incident report which detailed the evidence and reasons relied on for the finding of guilt. He also received reasons supporting the recommended disciplinary action. As to plaintiff's claims that his defense of intoxication was sufficient to negate the requisite intent to assault, the Adjustment Committee either did not believe that he was intoxicated or did not believe that intoxication was a sufficient defense to the charge. In Superintendent v. Hill, 472 U.S. 445 (1985), the Supreme Court determined that due process only requires that some evidence support the decision to discipline. The record reflects that there was an eyewitness to the assault. This evidence is sufficient under Hill.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation